**UNITED STATES of America,
Libelant,**

v.

**ONE 1955 MODEL TWO–DOOR CADIL-
LAC COUPE DEVILLE, Motor Number
556201303, and Lem A. and Evelyn Co-
hoon, Intervenors-Claimants.**

**Civ. No. 355.**

United States District Court
E. D. North Carolina,
Washington Division.
Nov. 26, 1955.

for him to establish himself and properly support his wife and child.

To capitalize on Clyde's wholesome interest, the Cohoons made the following arrangements by parol. First they contacted Gene Simmons. Mr. Simmons was a young man of good character and he had considerable experience in the used car business. It was agreed that Simmons and Clyde would operate the proposed firm and would receive all of the profits. The firm was named C & S Motors.

Lem A. Cohoon and Evelyn Cohoon deposited in the East Carolina Bank, of Columbia, North Carolina, $5,000 to the credit of C & S Motors. Subsequently, they made further deposits to the account aggregating $13,000. The Bank was instructed to pay checks drawn on the account when signed C & S Motors and countersigned by either Lem A. Cohoon, or Evelyn Cohoon, or Clyde Allen Cohoon, or Gene Simmons.

Neither Clyde Allen Cohoon nor Gene Simmons made any investment in the business at any time. There was never any agreement, express or implied, that they would at any time repay to Lem A. or Evelyn Cohoon any part of the investment they had made.

Operation of C & S Motors began in the summer of 1954. Through the months that followed Lem and Evelyn Cohoon maintained an active hand in the control of the enterprise. Its affairs were examined by them at least weekly. Cash profits were then paid to Clyde Cohoon and Gene Simmons.

On April 1, 1955, Clyde attended an auto auction in Darlington, South Carolina. There he purchased the Cadillac which is the subject of this action and paid for it by check on the C & S Motors account. He also purchased two gallons of non-taxpaid liquor. The car was bought for the Company. The whiskey was bought for his own consumption. On the return trip to Columbia, North Carolina, Clyde was apprehended in Cumberland County, North Carolina, with the whiskey in the car. Both were seized by the State authorities.

Julian T. Gaskill, U. S. Atty., Raleigh, N. C., for libelant.

Bailey & Bailey, Plymouth, N. C., for intervenors-claimants.

GILLIAM, District Judge.

A hearing on the libel filed by the United States and on the claim for a remission of the forfeiture of the car in question was held at the regular term of court in Washington, North Carolina, before the undersigned United States District Judge. The evidence disclosed the following circumstances and events leading up to this action.

The claimants are Lem A. and Evelyn Cohoon of Columbia, North Carolina. Their son, Clyde Allen Cohoon (age 22), was an unsettled, wayward young man. His irresponsible antics were a source of distress to his parents. They were eager

Clyde was tried in the Superior Court of Cumberland County for violation of the State laws relating to liquor. Lem A. Cohoon and Evelyn Cohoon intervened in that action, claiming ownership of the car. That Court adjudged that "title of said automobile was in Lem A. Cohoon and Evelyn Cohoon", and released it to them.

■■ We are aware of the general rule that prevails in North Carolina and many other jurisdictions that "Except where the principle of *res judicata* is involved, the previous finding of a Court cannot be used as evidence of the fact found * * *" (Stansbury, North Carolina Evidence, Sec. 143.) However, in the present instance, we are concerned, not with fact, but with a legal conclusion. The State Court returned the car to Lem and Evelyn Cohoon. That judgment was necessarily prefaced on their ownership of the car. N.C.G.S. § 18–6.

■ The United States now brings the present action to perfect the forfeiture provided for by Title 26 U.S.C.A. § 7301(e). All parties concede, and we find that the Cadillac in question was used in violation of the above mentioned section of the 1954 Internal Revenue Code. Lem A. Cohoon and Evelyn Cohoon seek remission or mitigation of the forfeiture under the provisions of Title 18, U.S.C.A. § 3617.

■ By the terms of this statute, the Court has jurisdiction to exercise discretion and remit the forfeiture if the claimant meets certain conditions precedent. The first condition is that the claimant must prove "that he has an interest in such vehicle * * *, as owner or otherwise, which he acquired in good faith." This condition presents the principal question to be decided in this case.

■ We have mentioned that the North Carolina Superior Court adjudged that these claimants owned the car. We are in no way bound by that judgment, but we are in agreement with it. The relationship of the parties, taken as a whole, constituted an agency situation. The Restatement of Agency, Section No. 1, defines agency in the following words: "Agency is the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." This definition fits the situation before us like a glove. Mr. and Mrs. Lem A. Cohoon, the claimants, founded C & S Motors for the worthwhile purpose of giving their son, Clyde, a job. Simmons was brought into the firm because of his business experience. These two operated the business in behalf of Lem and Evelyn Cohoon and subject to their active control. Simmons and Clyde received the cash profits of the enterprise as compensation for their services. This was their only interest in the business.

■ We conclude that Lem A. Cohoon and Evelyn Cohoon owned the enterprise as partners and that Clyde Cohoon and Gene Simmons operated it as agents of the partners. When the partners opened the C & S Motors bank account they authorized the operating agents to draw upon it in the name of the partnership. There was no joint account from which a gift, trust, loan, or statutory joint ownership could arise. The partners were absolute owners of C & S Motors, their ownership being only subject to the agents' claim on the cash profits as compensation for their services. The owners, by contract, waived all claim to the profits. Their business motive was not to make profits but to redeem a prodigal. As Lem and Evelyn owned the business, it follows that they owned the car which the prodigal used in violation of the Internal Revenue Code.

■ Clyde's purchase and transportation of the non-taxpaid whiskey was clearly outside the scope of his agency. These violations, or Clyde's knowledge of them, cannot be imputed to the claimants, his principals. The claimants acted in good faith when they authorized Clyde to go purchase a car for C & S Motors. In the words of the next condition imposed by the remission statute, the

claimants "had at no time any knowledge or reason to believe that it was being or would be used in violation of laws of the United States or of any State relating to liquor."

The United States does not contend that Clyde Cohoon had any record or reputation for violating liquor laws of the United States or of any State.

It Is Hereby Ordered and Adjudged that the Cadillac car, Motor Number 556201303, be returned to the claimants, Lem A. Cohoon and Evelyn Cohoon, upon payment of all expenses incident to the seizure and forfeiture incurred by the United States.